Grant S. Snell
CROWLEY FLECK PLLP
P.O. Box 759
Kalispell, MT  59903
Telephone: (406) 752-6644
gsnell@crowleyfleck.com
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| JOLENE HOWARD, AIMEE WALLACE, and ROBERT KELLENBECK,<br><br>Plaintiffs,<br><br>vs.<br><br>JESSE TODD and MONTANA D. TODD,<br><br>Defendants. | Cause No.:  22-55-M-DWM<br><br><br>**VERIFIED COMPLAINT FOR PARTITION** |

Plaintiffs JOLENE HOWARD ("Jolene"), AIMEE WALLACE ("Aimee"), and ROBERT KELLENBECK ("Rob"), for their Complaint for Partition against Defendants JESSE TODD ("Jesse"), and MONTANA D. TODD ("Montana"), allege as follows:

**PARTIES**

1. Plaintiffs and Defendants own the following two parcels of real property as tenants-in-common:

> Tract 2 of Correction Certificate of Survey No. 20013 in Government Lot 2, Section 15, Township 33 North, Range 18 West, P.M.M., Flathead County, Montana ("Tract 2").

>Parcel B of Certificate of Survey No. 20647 in Government Lot 2, Section 15, Township 33 North, Range 18 West, P.M.M., Flathead County, Montana ("Parcel B").

Tract 2 and Parcel B are collectively referred to herein as the "Properties".

2. Jolene and Aimee each own an undivided one-fifth (1/5) interest as tenants-in-common in the Properties.

3. Rob owns an undivided two-fifth (2/5) interest in the Properties.

4. Jesse and Montana each own an undivided one-tenth (1/10) interest in the Properties. Montana is Jesse's son.

## JURISDICTION AND VENUE

1. Tract 2 and Parcel B are inholdings situated within Glacier National Park in Flathead County, Montana.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C § 1331; See *Macomber v. Bose*, 401 F.2d 545 (9th Cir. 1968).

3. Venue is proper in this Court for the District of Montana, Missoula Division.

## FACTS COMMON TO ALL COUNTS

1. Tract 2 and Parcel B are two distinct parcels of real property. Tract 2 consists of approximately 0.783 acres and Parcel B consists of approximately 0.74 acres.

2. One cabin was located on Parcel B and one cabin was located on Tract 2. However, all the improvements located on both Parcel B and Tract 2 were completely destroyed by the Howe Ridge wildfire in 2018 and no useable improvements currently exist on the Properties.

3. The Properties are subject to that certain Declaration of Reciprocal Rights of First Refusal (the "Right of First Refusal") entered into by and between Ann Donnelly, Nathan Todd, Frank Kellenbeck, Rob and Jesse (each a "Declarant" and collectively the "Declarants") and recorded in in the office of the Clerk and Recorder of Flathead County, Montana, as document No. 201700030270. The Right of First Refusal grants each Declarant and their lineal descendants the right to acquire an interest in the Properties in the event of a proposed sale or transfer of an interest in the Properties to anyone other than a Declarant or a lineal descendant of a Declarant (a "Third Party Purchaser").

4. Jesse transferred one-half (1/2) of this one-fifth (1/5) interest in the Properties to Montana pursuant to that Quitclaim Deed recorded under Document No. 202100029489 in the office of the Clerk and Recorder of Flathead County, Montana, leaving Jesse and Montana each owning an undivided one-tenth (1/10) interest in the Properties.

5. Upon information and belief, Jesse began temporarily living on Tract 2. While residing on Tract 2, Jesse left trash and debris on Tract 2 and dumped gray water down the burned-out toilet pits on both Parcel B and Tract 2.

6. Upon information and belief, Jesse cleared trees from National Park Service property.

7. Montana began excavating, grading, and leveling Tract 2 without the consent of the Plaintiffs.

8. Upon information and belief, Montana (i) excavated a portion of National Park Service property, (ii) removed stumps and trees from Tract 2 and deposited them on National Park Service property, (iii) failed to acquire the applicable permits from the National Park Service associated with transporting construction equipment across National Park Service property, and (iv) failed to acquire the applicable permits from the National Park Service associated with excavating, grading, and leveling Tract 2.

9. Upon information and belief, the National Park Service is investigating the extent of any damage to National Park Service property resulting from Defendants' construction activities and may pursue legal action against Defendants.

## COUNT I: PARTITION OF REAL PROPERTY

1. Plaintiffs incorporate all foregoing allegations as if fully set forth herein.

2. Plaintiffs and Defendants have been unable to agree and will continue to be unable to agree as to how to manage the Properties for their common benefit. There are irreconcilable differences with respect thereto.

3. Plaintiffs, collectively, own an undivided four-fifths (4/5) interest in the Properties in fee simple. As tenants in common with Defendants, per § 70-29-101, et seq., MCA, Plaintiffs enjoy the right and prerogative to seek the equitable remedy of partition in kind and hereby elect that remedy.

4. Plaintiffs and Defendants are "relatives" as defined by § 70-29-402(9), MCA. Plaintiffs seek a partition in kind pursuant to the provisions of the Uniform Partition of Heirs Property Act, §§ 70-29-401, et seq., MCA.

5. Other than Plaintiffs and Defendants, no person or entity claims any interest in the Properties in fee, for life, or for years. With the exception of a judgment lien against Jesse in the amount of $943.24 plus interest as of October 17, 2016 (the "Judgement Lein"), there are no liens of record on the Properties by mortgage, judgment, or otherwise, and there are no other known claimants, either at law or in equity, to any interest in the Properties.

6. The rights set forth in the Right of First Refusal are not implicated by the partition of the Properties pursuant to this Complaint because it will not result in a Third-Party Purchaser acquiring an interest in the Properties.

7. Plaintiffs have attached, as **Exhibit A**, a Consulting Report from David J. Heine and Associates, LLC ("Consulting Report"), which describes the extreme difficulty in valuing "inholdings" within Glacier National Park. However, since Plaintiffs are requesting a partition of the Properties in-kind, the exact value of Tract 2 and Parcel B is not as relevant as the value of each Property in relation to the other.

8. Because all the improvements located on the Properties were completely destroyed, the Consulting Report describes that the Properties would be valued primarily based on the feet of frontage each parcel has on Lake McDonald.

9. The Properties should be partitioned in such a way as to reflect the collective four-fifths (4/5) undivided interest owned by Plaintiffs and the collective one-fifth (1/5) undivided interest owned by Defendants. Partition of the Properties can be accomplished without prejudicing any of the owners by allotting Parcel B to Aimee and

Jolene and dividing Tract 2 into two separate parcels, with one owned by Rob and the other owned by Jesse and Montana. A depiction of Plaintiffs' partition proposal of Tract 2 is attached hereto as **Exhibit B**. In summary, Plaintiffs' partition proposal would result in the following ownership:

| **Owner** | Aimee and Jolene | Rob | Jesse and Montana |
|---|---|---|---|
| **Property** | Parcel B | Western 90 frontage feet of Tract 2 | Eastern 45 frontage feet of Tract 2 |
| **Frontage Feet** | 75 | 90 | 45 |
| **Lot Size** | .74 acres | .5 acres | .25 acres |
| **Percent of Total** | 36% | 43% | 21% |

10. In conjunction with the partition of Properties, Rob will agree to (i) divide any water rights associated with Tract 2 and transfer a one-third interest to Defendants for usage on the parcel of real property allotted to Defendants pursuant to this Complaint. (ii) grant Defendants a ten-foot access and utility easement and drain field easement across the parcel of real property allotted to Rob ("Rob's Parcel") pursuant to this Complaint. The ten-foot access and utility easement would run along the base of the hill at the top of Rob's Parcel as depicted on **Exhibit B**. Rob will allow a shared drain field to be installed at the top of the hill on Rob's Parcel (as depicted on **Exhibit B**) at the maximum size allowed by state and local regulations and he will grant Defendants' usage of one-third of the drain field's capacity.

11. Pursuant to § 70-29-215, MCA, the Judgement Lien shall be charged only to the parcel of real property allotted to Defendants pursuant to this Complaint.

12. Plaintiffs have incurred, the cost and expense of the Consulting Report and partition proposal for the common good of Plaintiffs and Defendants and are entitled to reimbursement by Defendants of one-fifth (1/5) of that cost.

13. Plaintiffs have incurred, and will incur, legal fees and costs expended for the common good of Plaintiffs and Defendants as necessary to create real property interests subject to the parties' separate ownership and so are entitled to reimbursement by Defendants of one-fifth (1/5) of that expense.

## COUNT II: INJUNCTIVE RELIEF

1. Plaintiffs incorporate all foregoing allegations as if fully set forth herein.

2. During the pendency of this action, Defendants may continue to construct, or allow to be constructed, improvements on the Properties that may result in continued degradation of the Properties, additional fines and citations, and irreparable harm to the individual interest of Plaintiffs in the Properties.

3. Defendants' unlawful activities on the Properties constitute a breach of Defendants' duties to Plaintiffs as their cotenants.

4. Plaintiffs are entitled to preliminary injunctive relief preserving the status quo of the condition and manner of use of the Properties and enjoining Defendants, their agents, and their invitees, from grading, excavating, leveling or otherwise constructing or making any form of improvements to the Properties.

5. By constructing improvements on Parcel B or Tract 2, Defendants' actions will result in violation of Plaintiffs' cotenancy rights in the Properties and could render

the judgement of partition ineffectual if Defendants continue to damage the Properties and incur fines and citations.

WHEREFORE, Plaintiffs JOLENE HOWARD, AIMEE WALLACE, and ROBERT KELLENBECK pray that this Court enter judgment against Defendants JESSE TODD and MONTANA D. TODD as follows:

A.      That this Court declare that Plaintiffs, as collective tenants in common, own an undivided four-fifths (4/5) interest in the Properties, and that Defendants, likewise as collective tenants in common, own the remaining one-fifth (1/5) interest in the Properties.

B.      That, pursuant to § 70-29-401, et seq., MCA, this Court order the Properties be partitioned on the terms proposed by Plaintiffs.

C.      That this Court award Plaintiffs reimbursement of Defendants' share of costs and expenses specified as reimbursable by the partition statutes as incurred for the common good of the parties.

D.      That this Court grant preliminary injunctive relief, declaring that Defendants, their agents, and their invitees, shall not grade, excavate, level or otherwise construct or make any form of improvements to the Properties during the pendency of the immediate action.

  March 15  , 2022        Respectfully submitted,
CROWLEY FLECK PLLP
P.O. Box 759
Kalispell, Montana 59903

By: /s/ Grant S. Snell

Grant S. Snell
*Attorneys for Plaintiff*

## Verification

STATE OF N.C.        )
                     : ss.
County of Cumberland )

**JOLENE HOWARD**, being first duly sworn upon oath, deposes and says:

That she has read the foregoing and that the facts and matters contained therein are true to her knowledge, except as to matters stated to be on information and belief which she believes to be true.

_____
**JOLENE HOWARD**

SUBSCRIBED and sworn to before me this 14th day of March, 2022.

(SEAL)

_____
Print Name: Amy A. East
Notary Public for the State of N.C.
Residing at SECU, Hopemills, Cumberland Co.
My commission expires Oct 14, 2025

Verification

STATE OF Washington )
: ss.
County of Spokane )

**AIMEE WALLACE**, being first duly sworn upon oath, deposes and says:

That she has read the foregoing and that the facts and matters contained therein are true to her knowledge, except as to matters stated to be on information and belief which she believes to be true.

_____
AIMEE WALLACE

SUBSCRIBED and sworn to before me this 14 day of March, 2022.

[NOTARY PUBLIC STATE OF WASHINGTON SHAYLYN SIMS 21013902 MY COMMISSION EXPIRES MARCH 15, 2025]

_____
Print Name: Shaylyn Sims
Notary Public for the State of Washington
Residing at Spokane
My commission expires March 15, 2025

## Verification

STATE OF <u>Montana</u>    )
                          : ss.
County of <u>Cascade</u>   )

**ROBERT KELLENBECK**, being first duly sworn upon oath, deposes and says:

That he has read the foregoing and that the facts and matters contained therein are true to his knowledge, except as to matters stated to be on information and belief which he believes to be true.

_____
**ROBERT KELLENBECK**

SUBSCRIBED and sworn to before me this <u>14</u> day of <u>March</u>, 2022.

(SEAL)

_____
Print Name: <u>Dan England</u>
Notary Public for the State of <u>Montana</u>
Residing at <u>Great Falls, Montana</u>
My commission expires <u>January 31 2026</u>

DAN ENGLAND
NOTARY PUBLIC for the
State of Montana
Residing at Great Falls, Montana
My Commission Expires
January 31, 2026

COMPLAINT FOR PARTITION - Page 12