IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOLENE HOWARD, AIMEE WALLACE, and ROBERT KELLENBECK, <br><br> Plaintiffs, <br><br> vs. <br><br> JESSE TODD and MONTANA D. TODD, <br><br> Defendants. | CV 22–55–M–DWM <br><br><br> PARTITION ORDER |

The parties own two parcels of real property as tenants-in-common within Glacier National Park. (Doc. 1 at 1–2.) Plaintiffs Jolene Howard, Aimee Wallace, and Robert Kellenbeck (collectively "Plaintiffs") ask that the Court enter an order partitioning the property as proposed in the parties' May 2022 Settlement. (Doc. 47). Based on the evidence and testimony presented at the June 22, 2023 motion hearing, and further considering the applicable law and the parties' written submissions, the following findings of fact and conclusions of law are entered partitioning the real property at issue consistent with the parties' Settlement Agreement, *see* Mont. Code Ann. § 70–29–403(2):

1

## FINDINGS OF FACT

1. The parties own the following two parcels of real property (the "Properties") as tenants-in-common:

> Tract 2 of Correction Certificate of Survey No. 20013 in Government Lot 2, Section 15, Township 33 North, Range 18 West, P.M.M., Flathead County, Montana (hereafter "00 Property").

and

> Parcel B of Certificate of Survey No. 20647 in Government Lot 2, Section 15, Township 33 North, Range 18 West, P.M.M., Flathead County, Montana (hereafter "Parcel B").

2. Plaintiffs Jolene Howard and Aimee Wallace each own an undivided one-fifth (1/5) interest in the Properties.

3. Plaintiff Robert Kellenbeck owns an undivided two-fifths (2/5) interest in the Properties.

4. Defendants Jesse Todd and Montana D. Todd each own an undivided one-tenth (1/10) interest in the Properties.

5. Plaintiffs and Defendants are "relatives" as defined by Montana Code Annotated § 70–29–402(9).

6. The Properties are considered "heirs property" as defined by Montana Code Annotated § 70–29–402(5).

7. The Properties are subject to a Declaration of Reciprocal Rights of First Refusal (the "Right of First Refusal") entered into by and between Ann

2

Donnelly, Nathan Todd, Frank Kellenbeck, Rob and Jesse (each a "Declarant" and collectively the "Declarants") and recorded in in the office of the Clerk and Recorder of Flathead County, Montana, as document No. 201700030270. The Right of First Refusal grants each Declarant and their lineal descendants the right to acquire an interest in the Properties in the event of a proposed sale or transfer of an interest in the Properties to anyone other than a Declarant or a lineal descendant of a Declarant (a "Third Party Purchaser").

8.  In a settlement conference on May 18, 2022, the parties agreed to resolve the above-captioned matter pursuant to the terms of a Memorandum of Understanding (the "Settlement Agreement"). (*See* Doc. 31.)

9.  Pursuant to the terms of the Settlement Agreement, Parcel B will be owned in fee simple by Plaintiffs Jolene Howard and Aimee Wallace, as tenants-in-common.

10. Pursuant to the terms of the Settlement Agreement, a Certificate of Survey has been prepared dividing the 00 Property[1] into Tract 1 and Tract 2. This Certificate of Survey is attached hereto as **Exhibit A.** Tract 1 will be owned in fee simple by Defendants Jesse Todd and Montana D. Todd, as tenants-in-common.

---

[1] In the Settlement Agreement, the 00 Property is referred to as Tract 2. (*See* Doc. 31.) Under the terms of this Order, the "00 Property" refers to the unpartitioned parcel and "Tract 2" refers to Plaintiff Robert Kellenbeck's portion of that parcel following partition.

3

Tract 2 will be owned in fee simple by Plaintiff Robert Kellenbeck.

11. According to the terms of the Settlement Agreement, certain easements are required to provide for access and utilities to Tract 1 and Tract 2.

12. An Easement Agreement providing access and utilities across Parcel B for the benefit of Tract 1 and Tract 2 is attached hereto as **Exhibit B** (the "Parcel B Easement").

13. An Easement Agreement providing access and utilities across Tract 1 for the benefit of Tract 2 is attached hereto as **Exhibit C** (the "Tract 1 Easement").

## CONCLUSIONS OF LAW

14. Because the Properties are inholdings situated within Glacier National Park in Flathead County, Montana, this Court has jurisdiction over this case pursuant to 28 U.S.C § 1331, *see Macomber v. Bose*, 401 F.2d 545 (9th Cir. 1968), and venue is proper in the Missoula Division.

15. The Plaintiffs' Complaint (Doc. 1) properly invokes the "Uniform Partition of Heirs Property Act," Mont. Code Ann. §§ 70–29–401, *et seq.*, and this Court has authority to partition the Properties and divide the 00 Property into Tract 1 and Tract 2.

16. As an agreement in a record by all cotenants, the Settlement Agreement shall determine the terms for partitioning of the Properties. *See* Mont. Code Ann. § 70–29–403(2).

4

17. According to the terms of the Settlement Agreement, a septic/drainfield easement is required to provide for a shared septic/drainfield for the benefit of Tract 2. As the sole beneficiary of this easement, Plaintiff Robert Kellenbeck has waived this condition. *See Fed. Surety Co. v. Basin Constr. Co.*, 5 P.2d 775, 777 (Mont. 1931) ("A party to a contract who is entitled to demand performance of a condition precedent, may waive the same, . . . expressly . . . ."). Thus, this requirement of the Agreement has been waived and partition shall proceed under the remaining terms of that Agreement.

18. Water right number 76I3424400 is appurtenant to Parcel B and will transfer to Plaintiffs Jolene Howard and Aimee Wallace. Water right number 76I30150009 is appurtenant to the 00 Property with a place of diversion at Kelly Creek north of the 00 Property and will be divided between Tract 1 and Tract 2, allocating 37 percent of that water right to Tract 1 and 63 percent that water right to Tract 2. Given the point of diversion, no easement across Tract 2 benefitting Tract 1 is created.

19. The rights set forth in the Right of First Refusal are not implicated by the partition of the Properties pursuant to this Order because it will not result in a Third-Party Purchaser acquiring an interest in the Properties.

20. Encumbrances attached to the Properties by an individual party shall hereafter only encumber such party's respective property as set forth in this Order.

5

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

21.     The Settlement Agreement (Doc. 31) is APPROVED as MODIFIED above.

22.     Plaintiffs' motion to partition the Properties under that Agreement (Doc. 47) is GRANTED.

23.     Parcel B, legally described as follows:

> Parcel B of Certificate of Survey No. 20647 in Government Lot 2, Section 15, Township 33 North, Range 18 West, P.M.M., Flathead County, Montana,

together with all appurtenant water rights, is hereby owned in fee simple solely by Jolene Howard and Aimee Wallace as tenants-in-common.

24.     Tract 1 on the Certificate of Survey attached to this Order as **Exhibit A**, together with a 37 percent interest in water right number 76I30150009, is hereby owned in fee simple solely by Jesse P. Todd, a/k/a Jesse Todd, and Montana D. Todd, a/k/a Montana Todd, as tenants-in-common.

25.     Tract 2 on the Certificate of Survey attached to this Order as **Exhibit A**, together with a 63 percent interest in water right number 76I30150009, is hereby owned in fee simple solely by Robert K. Kellenbeck, a/k/a Robert Kellenbeck, a/k/a Rob Kellenbeck.

6

26. Any liens, leases, or encumbrances attached to the 00 Property or Parcel B by or against the Defendants, Jesse P. Todd, a/k/a Jesse Todd and Montana D. Todd, a/k/a Montana Todd, are hereby released as encumbrances from Parcel B and Tract 2 and shall hereafter solely encumber Tract 1.

27. Any liens, leases, or encumbrances attached to the 00 Property or Parcel B by or against Plaintiffs Aimee Wallace or Jolene Howard are hereby released as encumbrances from Tract 1 and Tract 2 and shall hereafter solely encumber Parcel B.

28. Any liens, leases, or encumbrances attached to the 00 Property or Parcel B by or against Plaintiff Robert K. Kellenbeck, a/k/a Robert Kellenbeck, a/k/a Rob Kellenbeck are hereby released as encumbrances from Tract 1 and Parcel B and shall hereafter solely encumber Tract 2.

29. The Easement Agreements attached to this Order as **Exhibit B** and **Exhibit C** are hereby approved and shall hereafter encumber Parcel B, Tract 1, and Tract 2 according to their terms.

30. The Defendants must remove any and all of their personal property from Parcel B and Tract 2 within seven (7) days of the date of this Order. The Defendants' non-compliance may be enforced by an appropriate writ directing law enforcement to remove Defendants' personal property from Parcel B and Tract 2.

31. This preliminary injunction against Defendants granted in the Court's

Opinion and Order dated April 7, 2022 (Doc. 16) is hereby released.

32. The Right of First Refusal remains in force and continues to encumber Parcel B, Tract 1, and Tract 2 according to its terms.

33. Plaintiffs are directed to provide a certified copy of this Order with all Exhibits to the Flathead County Clerk and Recorder for recording.

34. The Clerk is directed to enter a judgment consistent with the above and close the case file. Except as stated in the Settlement Agreement, each party shall bear its own fees and costs.

35. Except a notice of appeal, no further filings will be accepted.

DATED this 13th day of July, 2023.

14:00 P.M.

Donald W. Molloy, District Judge
United States District Court